THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN G. DEAR-
BORN, Relator, *v.* EDGAR S. JENNINGS, as Warden of Auburn State
Prison, Respondent.*

Supreme Court, Cayuga County, May 25, 1928.

Crimes — sentence — relator was convicted of burglary, first degree, and
robbery, first degree, and sentenced to life imprisonment — record
showed prior conviction of receiving stolen property, first degree —
punishment for burglary, first degree, and robbery, first degree, is
imprisonment " for not less than fifteen years "— Penal Law, § 2191,
gives discretion to court to sentence offender for life where crime is
punishable by imprisonment for not less than specified number of
years and there is no limit to duration of imprisonment — sentence of
relator to life imprisonment, valid.

Relator, who, prior to his conviction for burglary, first degree, and robbery, first
degree, had been convicted for receiving stolen property, first degree, was
properly sentenced for life, since, pursuant to section 2191 of the Penal Law,
the court may, in its discretion, sentence an offender to imprisonment during
his natural life where the crime is punishable by imprisonment for not less than
a specified number of years and no limit of the duration of the imprisonment is
declared. Since the crime of burglary in the first degree and robbery in the
first degree is punishable by imprisonment in a State prison " for not less than
fifteen years," an offender convicted of burglary in the first degree or robbery
in the first degree may be sentenced to life imprisonment. Because of relator's
prior conviction of the crime of receiving stolen property, first degree, which
is punishable by imprisonment for not more than five years, he was not entitled
to an indeterminate term and the writ of habeas corpus is dismissed.

*It seems,* that an offender would be entitled to an indeterminate sentence in the
event he had never before been convicted of a crime punishable by imprisonment
in a State prison.

HABEAS CORPUS proceeding.

Relator appears in person and by his attorney, *Edwin W. Leary.*

*Albert Ottinger, Attorney-General* [*Almon W. Burrell, Assistant
Attorney-General,* of counsel], for the respondent.

CUNNINGHAM, J. The relator has been sentenced to life imprison-
ment and claims that such sentence is illegal because he is not a
fourth offender.

Relator was indicted for burglary, first degree, and robbery,
first degree, after having been convicted of receiving stolen property
first degree. After a trial in the County Court of Chautauqua
county, he was found guilty as charged in the indictment and on
October 10, 1927, was sentenced to life imprisonment.

The crimes of burglary and robbery of which relator was con-
victed were committed on the 1st day of August, 1927. The
punishment for burglary in the first degree is imprisonment in a

---

* But see *People* v. *Sobierjaski,* 224 App. Div. 227.

State prison " for not less than fifteen years." (Penal Law, § 407, as amd. by Laws of 1926, chap. 436.)

The same punishment is prescribed for the crime of robbery in the first degree. (Penal Law, § 2125, as amd. by Laws of 1926, chap. 436.) ·

The Penal Law provides that where a crime is punishable by imprisonment " for not less than a specified number of years, and no limit of the duration of the imprisonment is declared, the court * * * may, in its discretion, sentence the offender to imprisonment during his natural life." (Penal Law, § 2191.) Therefore, a criminal convicted of burglary in the first degree, or robbery in the first degree, may be sentenced to life imprisonment. It is probable that this would not be so in the case of a person " never before convicted of a crime punishable by imprisonment in a state prison " and that such culprit would be entitled to an indeterminate sentence. (Penal Law, § 2189.)

But it is not necessary to decide that point in this case as the relator had previously, on February 26, 1924, been convicted of receiving stolen property, first degree. This crime was punishable by imprisonment for not more than five years. (Penal Law, § 1308, as amd. by Laws of 1921, chap. 429.)* Because of this prior conviction the relator was not entitled to an indeterminate term and the sentence imposed upon him is in accordance with the law.

The writ is dismissed and the relator remanded to the custody of the warden of Auburn State Prison.